# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MACKENZIE COREY BURSE,

                Plaintiff,

v.

NURSE KOMOROWSKI,
CAPTAIN PUSICH, MS. ZWIERS,
and CYNTHIA THORPE,

                Defendants.

Case No. 12-CV-912-JPS

**ORDER**

      The plaintiff, a state prisoner incarcerated at Green Bay Correctional Institution (GBCI), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

      Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations,

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was transferred to GBCI on September 28, 2007. In October 2009, he developed a rash in various locations on his body with sores in various shapes. The sores oozed clear fluid, crusted over, bled, and itched. The plaintiff had previously received treatment for a rash in 2007 while at the Wisconsin Secure Program Facility.

On October 18, 2009, the plaintiff submitted a health services request regarding the rash and sores. A nurse met with the plaintiff on October 23, 2009, examined his rash and sores, and prescribed Hydrocortisone cream. She also scheduled a doctor's visit. One week later, the rash and sores stopped burning, itching, bleeding, and leaking clear fluid.

In November 2009, the rash reappeared in new areas of the plaintiff's body. On November 25, 2009, the plaintiff submitted a health services request. Defendant Nurse Komorowski responded that the plaintiff would be seen within two weeks.

The plaintiff then tried to get medical treatment through prison staff. To that end, on December 2, 2009, between 7:00 and 8:00 p.m., the plaintiff stopped defendant Captain Pusich during her security rounds. When the plaintiff started to explain his medical problem, Captain Pusich told the plaintiff he would have to contact health services. The plaintiff told Captain Pusich that he could not wait two weeks and asked if he could approach the door to show her his rash up close. Captain Pusich declined to view the rash more closely, but she told the plaintiff that she believed him about his rash, but that a nurse already told the plaintiff he would be seen so she could not refer him again.

On December 3, 2009, the plaintiff wrote to defendant Nurse Zwiers, the Health Services Manager at GBCI, but Nurse Zwiers failed to remedy the wrong.

The plaintiff was seen by Dr. Heidorn on December 7, 2009. Dr. Heidorn examined the plaintiff, diagnosed him, prescribed a lotion, and ordered a blood test for herpes, among other things. On December 15, 2009, the plaintiff wrote to Dr. Heidorn to let him know that the lotion caused excessive bleeding and stinging. There was no response. The plaintiff continued using the lotion and even requested another bottle on December 20, 2009. The plaintiff wrote to Dr. Heidorn again on December 22, 2009, and again received no response.

Dr. Heidorn saw the plaintiff on January 7, 2010, and informed the plaintiff that he had Herpes Simplex I. Dr. Heidorn prescribed medication and told the plaintiff that he had not received the letters. Nevertheless, Dr. Heidorn advised the plaintiff to keep using the lotion.

When he could not deal with the pain caused by using the lotion any longer, the plaintiff wrote to Nurse Zwiers on January 10, 2010, asking her to override Dr. Heidorn's decision. Zwiers responded to the letter, advising the plaintiff that he had the option to stop using the lotion but stating that she would not override Dr. Heidorn's medical judgment. The plaintiff continued using the lotion and requested more on March 23, 2010, and April 11, 2010. As he applied lotion to the scabs, they deteriorated, but the plaintiff has permanent dark spots on his legs.

The plaintiff generally states that defendant Cynthia Thorpe learned on February 2, 2010, that Zwiers was refusing to do anything about Dr. Heidorn forcing the plaintiff to use the lotion. The plaintiff does not indicate

how Thorpe learned this. The plaintiff wrote to Thorpe on May 25, 2010, regarding her failure to do anything about the plaintiff being forced to use the lotion. Thorpe refused to remedy the wrong.

The court will consider the plaintiff's claims under the Eighth Amendment. In *Duckworth v. Ahmad*, 532 F.3d 675, 678-79 (7th Cir. 2008), the Seventh Circuit set forth the legal standard for Eighth Amendment medical care claims:

> The states have an affirmative duty to provide medical care to their inmates. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). And the upshot of this duty is that the "deliberate indifference to [the] serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" and violates the Eighth Amendment's prohibition against cruel and unusual punishments. *Id.* at 104, 97 S.Ct. 285. To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

Based on the plaintiff's description of his rash and sores, the court will consider the plaintiff's rash a serious medical need for the purposes of screening. Thus, the court will evaluate the plaintiff's claims against each named defendant and determine whether he states a claim that each defendant was deliberately indifferent to his serious medical need.

> Deliberate indifference is a subjective standard. *Johnson*, 444 F.3d at 585. To demonstrate deliberate indifference, a plaintiff must show that the defendant "acted with a sufficiently culpable state of mind," something akin to recklessness. *Id.* A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. *Roe*, 631 F.3d at 857. Deliberate indifference "is more than negligence and

Page 5 of 9

Case 2:12-cv-00912-JPS   Filed 10/26/12   Page 5 of 9   Document 5

> approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998). In other words, "[d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A jury can infer deliberate indifference on the basis of a physician's treatment decision [when] the decision [is] so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Id.* (quotation marks omitted). A plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that "no minimally competent professional would have so responded under those circumstances." *Roe*, 631 F.3d at 857 (quotation marks omitted).

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

First, the plaintiff contends that Nurse Komorowski's decision to return the health services request to the plaintiff constituted deliberate indifference because her decision that he would be seen within two weeks unnecessarily prolonged the plaintiff's pain and suffering by denying the plaintiff access to medical treatment and was a substantial departure from accepted medical practice. The court has reviewed the health service request submitted by the plaintiff on November 25, 2009 (Exhibits to Complaint, p. 21). Nurse Komorowski's decision that the plaintiff would be seen for an appointment with a doctor within two weeks was a medical decision that does not constitute deliberate indifference to the plaintiff's medical need. The plaintiff may disagree with that medical decision, but disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th

Cir. 2003). While the court can imagine health service requests that it would be deliberately indifferent to put off for two weeks, the plaintiff's description of the spreading of his recurring rash is not such a request.

Second, the plaintiff challenges Nurse Zwiers's failure to respond to his December 3, 2009 letter and her refusal to overturn Dr. Heidorn's treatment decision regarding the lotion. Once again, the plaintiff expresses only a disagreement with medical professionals about treatment, which is not actionable under the Eighth Amendment. *See Ciarpaglini*, 352 F.3d at 331. Even more so, the plaintiff's proposed claims suggest that Nurse Zwiers should have overturned the decisions of the nurse who received and evaluated the health service request and the doctor who examined and treated the plaintiff. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 594 (7th Cir. 2003). With regard to her own actions, it was not deliberate indifference for Nurse Zwiers to abide by their earlier medical decisions. Also, she advised the plaintiff that it was his choice whether he wanted to continue using the lotion prescribed by Dr. Heidorn. If the plaintiff was suffering from side effects of the lotion, he was not required to keep using it.

Third, the plaintiff suggests that defendant Cynthia Thorpe, the Bureau of Health Services nursing coordinator, prolonged the plaintiff's pain and suffering by refusing to do anything about Dr. Heidorn persisting in an easy but less efficacious course of medical treatment. As stated above, Thorpe cannot be held liable merely because of her supervisory role. See *T.E. v. Grindle*, 599 F.3d at 588. Moreover, with regard to her receipt of letters

from the plaintiff, it was not deliberately indifferent for Thorpe to support the decision of the treating physician regarding the course of treatment.

Fourth, the plaintiff may not proceed on a claim against Captain Pusich. Non-medical defendants, such as Captain Pusich, can rely on the expertise of medical personnel. *Arnett*, 658 F.3d at 755. "If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). However, non-medical defendants cannot simply ignore an inmate's plight. *Id.* They can show deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner. *Arnett*, 658 F.3d at 755 (citations omitted).

The plaintiff does not indicate that Captain Pusich ignored him. Although she decline to view the plaintiff's sores up close, she listened to his concerns and reinforced that he would be seen by a doctor within two weeks of the response to his health service request. The plaintiff attempted to get around the health service request system and prioritization of requests and appointments by appealing to Captain Pusich. She was not deliberately indifferent just because she did not consider the plaintiff's skin condition to warrant emergency medical attention.

Accordingly,

**IT IS ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge