UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MACKENZIE COREY BURSE,<br><br>                   Plaintiff,<br>v.<br><br>REGISTERED NURSE ALSTEEN,<br><br>                   Defendant. | Case No. 12-CV-912-JPS<br><br><br><br>ORDER |

       Plaintiff Mackenzie Corey Burse, a Wisconsin inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against defendant Mary Alsteen ("Nurse Alsteen"), a registered nurse working at Green Bay Correctional Institution in Green Bay, Wisconsin, alleging that Nurse Alsteen violated the Eighth Amendment's prohibition against cruel and unusual punishment by deciding not to request physician attention for Plaintiff's reported skin abnormalities at any point between November 25, 2009, and December 7, 2009. (Docket #1); *see* (Docket #20).

       On January 29, 2014, the Court denied the parties' respective motions for summary judgment. (Docket #35, #51 and #90). Nurse Alsteen now moves for reconsideration of that order. (Docket #98).

> The doctrine of res judicata bars parties or their privies from relitigating a final judgment on the merits where the issues were or could have been raised in the first action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994). The denial of summary judgment is not a final judgment; rather, it is an interlocutory order. *R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430, 431 (7th Cir. 1991); *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 632 (7th Cir. 1984). Thus, the denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary

judgment motion or file successive motions, particularly if good reasons exist. *Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 913 (7th Cir. 1973), cert. denied, 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *Fernandez v. Bankers National Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990)*; see also Enlow v. Tishomingo County, Mississippi*, 962 F.2d 501, 507 (5th Cir. 1992); James W. Moore, et al., Moore's Federal Practice ¶ 56.20[2] (2d ed. 1994). A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part, rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

*Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

Here, Nurse Alsteen asks the Court to reconsider her argument that Burse fails to place genuinely in dispute the third essential element to his claim: whether Nurse Alsteen's conduct caused harm to Plaintiff. (Docket #99, 3); *see generally,* Section 7.12 of the Federal Civil Jury Instructions of the Seventh Circuit (2009):

> *(http://www.ca7.uscourts.gov/Pattern_Jury_Instr/pattern_jury_instr.html)* (last visited February 3, 2014).

In particular, Nurse Alsteen argues that the resignations of Plaintiff's experts prior to the Court's adjudication of the parties' motions for summary judgment means that Plaintiff offered no "verifying medical evidence" to place the causation element genuinely in dispute. *See generally, Williams v. Liefer*, 491 F.3d 710, 714-715 (7th Cir. 2007).

The Court remains mindful that evidence of a plaintiff's diagnosis and treatment, standing alone, may constitute verifying medical evidence if it

"assist[s] the jury in determining whether a delay exacerbated the plaintiff's condition or otherwise harmed him." *Id*; (Docket #90 at 4).

In the context of the parties' motions for summary judgment, it was undisputed that the physician who first examined Plaintiff in the wake of Nurse Alsteen's triage decision: (i) observed "crusty, weeping sores, three to five millimeters, in [Plaintiff's] beard and peri-oral region;" (ii) "assessed that [such sores] were caused by herpes simplex I"; and (iii) eventually "prescribed Acyclovir 400mg daily for one month on the off chance that it may prevent recurrence of additional herpes flare ups." (Docket #65, ¶¶ 64, 68 and 72). Building on those undisputed facts, Plaintiff filed a declaration in opposition to Nurse Alsteen's motion for summary judgment stating, *inter alia*, that "[a]pproximately twenty minutes after [he] took the Acyclovir, the sores on [his] body would stp [sic] itching and tingling and the sore on [his] lower-right leg would form a crust," leading him to request "a lower dosage of Acyclovir more often throughout the day or to be placed back on the higher dosage of Acyclovir so that the sores could heal and his condition could clear up." (Docket #67, ¶ 67).

The Court remains satisfied that those undisputed facts, viewed together with Plaintiff's declaration, would assist a jury in determining whether a delay exacerbated plaintiff's conditions or otherwise harmed him. *See generally, Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) ("Delaying treatment may constitute deliberate indifference if such delay 'exacerbated the injury *or unnecessarily prolonged an inmate's pain.*' *McGowan*….") (emphasis added); *see also, Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute harm). Moreover, the foregoing constellation of evidence would permit a finding in Plaintiff's favor on the

element of causation. Therefore, Nurse Alsteen's claim of error with regard to this element is unavailing.[1]

Lastly, given that the foregoing analysis does not rely on the opinions of Plaintiff's (now-resigned) experts, the Court is obliged to find that Nurse Alsteen's arguments in reliance on those opinions—"Burse's Supplemental Report Absolves Nurse Alsteen"—are moot. (Docket #99, 4-5).

Accordingly,

IT IS ORDERED that the defendant's motion for reconsideration (Docket #98) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The Court is mindful that the Seventh Circuit expressly declined to decide whether verifying medical evidence—"medical evidence that tends to confirm or corroborate a claim that the delay was detrimental"—is required in all delayed treatment cases. *Liefer*, 491 F.3d at 715-716 and n.3.

Regardless, in a delayed treatment case, the plaintiff must prove, by a preponderance of the evidence, that the defendant's conduct caused harm to the plaintiff. *See generally*, Section 7.12 of the Federal Civil Jury Instructions of the Seventh Circuit (2009):

> *(http://www.ca7.uscourts.gov/Pattern_Jury_Instr/pattern_jury_instr.html)* (last visited February 3, 2014).

Therefore, evidence that assists the jury in determining whether the defendant's delay exacerbated the plaintiff's condition or otherwise harmed him is relevant. *See Liefer*, 491 F.3d at 715; *see also*, McGowan *v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference *if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. Estelle* [*v. Gamble*], 429 U.S. at 104-05, 97 S.Ct. 285; *Gayton v. McCoy*, 593, F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).") (emphasis added).